**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DANIEL M. HOAG, | No.    16-35008 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00363-SAB |
| v. | |
| CITY OF QUINCY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted May 16, 2018[**]
Seattle, Washington

Before:  BERZON, THACKER,[***] and HURWITZ, Circuit Judges.

Daniel M. Hoag appeals a summary judgment in favor of Officer Thomas

Clark and the City of Quincy in this action alleging violations of the federal and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Washington constitutions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in finding that Officer Clark was entitled to qualified immunity on Hoag's Fourth Amendment claim. Even assuming that Washington law only authorizes state troopers to inspect the log books of commercial trucks, it would not have been "clear to a reasonable officer" that a city policeman violated the Fourth Amendment by doing so. *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)); *see United States v. Delgado*, 545 F.3d 1195, 1198, 1202 (9th Cir. 2008) (holding that the "warrantless inspection of commercial vehicles" is constitutional).[1]

2. The district court also did not err in granting summary judgment on the state constitutional claims. The Washington Supreme Court has not recognized a private right of action under Article I, § 7 of the Washington Constitution. *See Reid v. Pierce Cty.*, 961 P.2d 333, 342–43 (Wash. 1998). Even assuming that the Court might do so in the future, Hoag makes no argument for doing so under the circumstances of this case. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (providing for forfeiture of arguments not developed in the opening brief).[2]

---

[1] Because Hoag did not show a municipal "policy or custom" that inflicted the alleged constitutional injury, his claims against the City fail. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

[2] Hoag also argues that the City of Quincy is liable under Article XI, § 11 of the Washington Constitution, which provides a city may only "make and enforce within its limits all such local police . . . and other regulations as are not in conflict

2

3. The district court did not abuse its discretion in denying Hoag's motion to certify questions to the Washington Supreme Court. *See Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985) ("Use of the certification procedure in any given case 'rests in the sound discretion of the federal court.'") (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Even assuming that Washington law allows only state troopers to inspect log books, this limitation would not establish that Officer Clark violated Hoag's state or federal constitutional rights.

**AFFIRMED.**

---

with general laws." But even assuming that there is a private right of action under this provision, Hoag has not identified a city regulation that conflicts with the state law; he argues only that Officer Clark violated state law.

3